

Signed/Docketed
September 2, 2011

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 07-10719 MER |
| CHAMELEON ENTERTAINMENT ) | |
| SYSTEMS, INC. ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## ORDER

THIS MATTER comes before the Court on the *Motion for Reconsideration* filed at Docket No. 210 (the "Motion") by Debtor Chameleon Entertainment Systems, Inc. and the Chameleon Justice Association, LPA (the "Movants"). The Motion requests reconsideration of this Court's Order issued July 27, 2011, at Docket No. 208, denying the Motion to Reopen Case Due to Administrative Errors and for Reconsideration filed by Chameleon Entertainment Systems, Inc., Elizabeth M. Mitchell, and the Chameleon Justice Association, LPA.

## JURISDICTION

The Court possesses jurisdiction to examine its own record in view of the Motion filed and the relief requested therein. For the reasons stated below, the Court cannot find the issues raised by the Movants affect the administration of the bankruptcy estate or otherwise fall within the jurisdiction of this Court.

## BACKGROUND FACTS

The above-captioned case was commenced by the filing of an involuntary Chapter 7 petition against Chameleon Entertainment Systems, Inc. ("Chameleon") on January 30, 2007. The petitioning creditors, represented by attorney Lee Kutner, are Lois Alcorn, Thomas Alcorn, and David Noven (the "Petitioning Creditors"). In addition to the above-captioned case, the Petitioning Creditors also filed, on January 30, 2007, an involuntary Chapter 7 petition against Elizabeth Mitchell ("Mitchell") in Case No. 07-10718 MER.

On February 20, 2007, attorney Jeffrey Weinman ("Weinman"), on behalf of Chameleon and Mitchell filed a *Motion for Joint Administration of Cases* in each involuntary case. On March 1, 2007, in each involuntary case, Weinman filed a *Combined Motion to Dismiss, for Damages, Sanctions and Attorneys' Fees, or in the Alternative, to Abstain*. On March 9, 2007, the Court granted Chameleon's and Mitchell's *Motion for Joint Administration of Cases*.

The Court held a hearing on the *Combined Motion to Dismiss, for Damages, Sanctions and Attorneys' Fees, or in the Alternative, to Abstain* on March 22, 2007. At that hearing, the Court directed Chameleon and Mitchell to file lists of creditors by April 6, 2007. The Court also ordered any creditors wishing to join the involuntary petitions must do so by April 23, 2007. On April 6, 2007, Weinman filed a List of Creditors on behalf of Chameleon and a List of Creditors on behalf of Mitchell. At a status conference held April 25, 2007, the Court set the contested involuntary petitions for hearing on September 11, 2007.

On September 10, 2007, Chameleon and Mitchell, represented by Weinman, filed a *Notice of Impending Settlement and Motion to Vacate Hearing*. This pleading stated the parties had reached a settlement with respect to both petitions which was circulated for signature. It also stated the settlement documents were anticipated to be filed within ten days, and would call for the dismissal of both petitions.[1]

On September 27, 2007 Mitchell and Chameleon filed a *Motion to Dismiss Involuntary Petitions*.[2] This pleading stated that in order for the parties' settlement agreement to be implemented, the voluntary petitions must be dismissed, and requested their dismissal in accordance with Exhibit A attached to the pleading. Exhibit A, in turn, consisted of a docuement entitled "Stipulation Resolving Involuntary Case Filings" (the Settlement")[3] In part, the Settlement provided as follows:

> 1. Elizabeth Mitchell Case. The involuntary case pending against Elizabeth M. Mitchell, Case No. 07-10718 MER shall be dismissed upon approval of this Stipulation by the Bankruptcy Court. Dismissal shall be without prejudice. None of the claims held by the Petitioning Creditors against Elizabeth M. Mitchell shall be released, compromised or diminished in any way unless the Payment described below is made.
>
> 2. Chameleon Entertainment Systems, Inc. Case. The case pending against Chameleon Entertainment Systems, Inc., Case No. 07-10719 MER ("Corporate Case") shall be dismissed on the later of: a) September 11, 2007; or (b) the date on which the Bankruptcy Court enters an order approving this Stipulation ("Dismissal Date"); if and only if the Petitioning Creditors receive the sum of $75,000 in good funds by cashiers check, wire transfer or other acceptable means ("Payment"). In the event no objections are filed with respect to this stipulation and dismissal of the cases, the Payment shall be made within three (3) days of the last date to object to the Stipulation and a closing shall occur at that time. In the event the Payment is not

---

[1] Case No. 07-10718 MER, Docket No. 26. It should be noted that, following an order for joint administration of cases, pleadings are generally filed only in the case bearing the lower case number, in this instance, Case No. 07-10718 MER.

[2] Case No. 07-10718 MER, Docket No. 29

[3] Case No. 07-10718 MER, Docket No. 29, Exhibit A.

made on or before the Dismissal Date, the Corporate Case shall be deemed confessed by Chameleon Entertainment Systems, Inc. and shall not be dismissed. If the payment is made, a Non-Contested Matter Certificate may be filed and the case dismissed, if the payment is not made te Non-Contested Matter Certificate may be filed and the order for relief shall enter.[4]

Notice pursuant to then Local Bankruptcy Rule 202 was sent of the *Motion to Dismiss Involuntary Petitions* and of the Settlement, with an objection date of October 15, 2007.[5] The certificate of service attached to the notice reflected it was sent to Mitchell, Chameleon, the Petitioning Creditors, Weinman, Weinman's colleague William A. Richey, Kutner, Wells Fargo Bank, Johannsen, Sorwick & Assoc., Inc., and the United States Trustee, as well as Boulder Networks, LLC, Russell Tortere, and Opus Technology.[6]

No objections were filed, but no certificate of non-contested matter was submitted. Rather, on January 8, 2008, Mitchell and Chameleon filed a *Motion for Entry of Orders*[7], stating the $75,000 payment had not been made, and seeking an order of dismissal in Mitchell's case, and an order for relief in Chameleon's case. On February 6, 2008, Mitchell's case was dismissed, and an order for relief entered in Chameleon's case.[8] In addition, the Court ruled the Settlement was approved.[9] On February 12, 2008, the United States Trustee filed a notice indicating the appointment of Joseph Rosania as the Chapter 7 Trustee in the Chameleon case.[10]

On February 21, 2008, Weinman filed, in the Chameleon case, a *Motion to Dismiss Chapter 7 Case, or for Alternative Relief*.[11] This pleading stated the health of Chameleon's principal, Mitchell, did not allow her to assist in the preparation of statements and schedules, and asserted the interests of the Petitioning Creditors and other creditors would best be served by the

---

[4] *Id.*, ¶¶ 1 and 2. The Settlement is signed by Lee Kutner, attorney for the Petitioning Creditors, Jeffrey Weinman, attorney for the Debtors, Elizabeth C. Mitchell, individually and on behalf of Chameleon Entertainment Systems, and by the Petitioning Creditors, Thomas L. Alcorn, Lois Alcorn, and Daniel A. Noven.

[5] Case No. 07-10718 MER, Docket No. 30.

[6] The record in the Chameleon case, Case No. 07-10719 MER, reflects Russell Tortere, Boulder Networks, LLC and Opus Technology, LLC filed a joinder to the involuntary petition against Chameleon on April 20, 2007, at Docket No. 17.

[7] Case No. 07-10718 MER, Docket No. 31; Case No. 07-10719 MER, Docket No. 21.

[8] See Case No. 07-10718 MER, Docket No. 33, and Case No. 07-10719 MER, Docket No. 22.

[9] In Case No. 07-10718 MER, at Docket No. 33, the Order Dismissing Involuntary Case provided in part: "The Settlement Agreement entered into between Debtor Elizabeth M. Mitchell and Petitioning Creditors is hereby approved."

[10] Case No. 07-10719 MER, Docket No. 24.

[11] Case No. 07-10719 MER, Docket No. 25.

dismissal of the case to allow creditors to take actions outside the Bankruptcy Court. On May 20, 2008, the Court held the first of a series of hearings on the Motion to Dismiss, and ordered the Debtor to provide doctors' statements as to Mitchell's health, and ordering the Petitioning Creditors to submit written questions to Mitchell for a written examination pursuant to Bankruptcy Rule 2004.[12] Eventually, on September 17, 2008, the Court held a hearing on the Motion to Dismiss, at which it denied the Motion, ordering the Debtor to file statements and schedules, or, if the Debtor failed to do so, ordering the Chapter 7 Trustee or Petitioning Creditors Thomas and Lois Alcorn to file statements and schedules.[13] The Debtor did not file statements and schedules. Thomas Alcorn and Lois Alcorn filed the Statement of Financial Affairs and Schedules on November 10, 2008.[14] A Section 341 meeting of creditors was scheduled for January 23, 2009.[15]

On February 17, 2009, the Chapter 7 Trustee, Joseph Rosania, filed a Motion to Dismiss Chameleon's case because neither Chameleon nor counsel for Chameleon had ever appeared for scheduled Section 341 meetings of creditors.[16] The Petitioning Creditors filed an objection on April 2, 2009.[17] The Trustee's Motion to Dismiss was addressed in the Court's Order of March 28, 2011, as described below.

On February 18, 2009, Thomas and Lois Alcorn filed a Motion for Rule 2004 Examination of Mitchell[18], which was granted over Mitchell's objection on March 31, 2009.[19] The Rule 2004 examination was held in a conference room at this Court. It was cut short because of an incident relating to Ms. Mitchell's health, and there is no indication any further examination has taken place.

In the meantime, on March 10, 2009, Weinman had filed a motion to withdraw as attorney for Chameleon.[20] This motion was granted on March 31, 2009.[21]

---

[12] Case No. 07-10719 MER, Docket No. 33.

[13] Case No. 07-10719 MER, Docket No. 58.

[14] Case No. 07-10719 MER, Docket No. 64.

[15] Case No. 07-10719 MER, Docket No. 65.

[16] Case No. 07-10719 MER, Docket No. 67.

[17] Case No. 07-10719 MER, Docket No. 87.

[18] Case No. 07-10719 MER, Docket No. 68.

[19] Case No. 07-10719 MER, Docket No. 85.

[20] Case No. 07-10719 MER, Docket No. 75.

[21] Case No. 07-10719 MER, Docket No. 86.

On September 18, 2009, Chameleon, represented by Mr. Philip Theune, filed a *Verified Motion to Set Aside That Certain Settlement Agreement Dated September 12, 2007* (the "Motion to Set Aside).[22] On February 25, 2010, after Mr. Theune's withdrawal from the case, Mitchell filed a *Motion to Intervene on Behalf of the Debtor*, which was denied March 9, 2010. Mitchell filed another *Motion to Intervene* on March 15, 2010, which was denied March 22, 2010. Mitchell filed a third *Motion to Intervene* on March 25, 2010, which was denied March 30, 2010.[23]

The Court denied the Motion to Set Aside on March 31, 2010.[24] In that Order, the Court noted the Motion to Set Aside was brought on September 18, 2009, with respect to the Court's Orders entered February 6, 2008, requiring the Motion to Vacate to be considered as a motion for relief pursuant to Fed. R. Civ. P. 60(b), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.[25] The Court's discussion of the issues raised by the Motion to Vacate are particularly pertinent to the matters currently before the Court, and therefore are quoted extensively below:

> Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances. The burden of proof on a movant is a high one, because a Rule 60(b) motion is not a substitute for an appeal.
>
> With respect to the reasons contained in Rule 60(b)(1)–(3), the Motion must be denied, as the Motion was brought approximately 19 months following the entry of the February 6, 2008 orders. This time limit has been held to be jurisdictional, and may not be enlarged even for equitable reasons. Accordingly, Mitchell's claims indicating she did not understand the Stipulation, was mistaken or surprised by its effect, or was misled by the parties' attorneys, cannot form the basis for relief from the February 6, 2008 Orders.
>
> Since there is no allegation the orders were void or any judgment has been satisfied, the remaining question under Rule 60(b) is whether relief should be granted because application of the Stipulation prospectively is not equitable, or for "any other reason that justifies relief." The Court finds such relief is not appropriate for the following reasons.

---

[22] Case No. 07-10719 MER, Docket No. 104.

[23] Case No. 07-10719 MER, Motions filed at Docket Nos. 126, 130, and 133, and Orders entered at Docket Nos. 128, 131, and 134.

[24] Case No. 07-10719 MER, Docket No. 135.

[25] Case No. 07-10719 MER, Docket 131, p. 2.

>First, the filing of the Motion over a year and a half following the entry of the orders does not constitute a "reasonable time" under Rule 60(c)(1). The determination of a "reasonable time" requires the Court to evaluate the "interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Here, Mitchell's case was dismissed in reliance on the orders, giving her access to her personal financial affairs, and an order for relief was entered in Chameleon's case, with the resulting administration, for nearly two years, by the Chapter 7 Trustee. In addition, as pointed out by the Petitioning Creditors, the limitation period for actions to recover fraudulent and preferential transfers has passed following dismissal of Mitchell's case. Moreover, although the Motion contains a description of Mitchell's ongoing serious health concerns, there is nothing to suggest she was unable to request additional time, information, or assistance when she did not understand the proposed settlement. The Motion alleges Mr. Weinman pressured Mitchell into approving the Stipulation without providing her a copy to review with her family and confidantes. However, she notes Mr. Weinman read the Stipulation to her by telephone. In addition, even though Mitchell was ill at that time, she also asserts she had been an experienced businesswoman for many years. After entering into the Stipulation, she had nearly six months to object to its approval or otherwise to raise her concerns before its approval. Thus, her current Motion was not filed within a reasonable time.
>
>Second, as noted above, because the parties have proceeded, for approximately two years, under the terms of the Stipulation, including the dismissal of Mitchell's case and the prosecution of Chameleon's case, it would not be equitable to "unwind" the Stipulation at this time. Further, the Motion seeks relief primarily on grounds found in Rule 60(b)(1)–(3), with numerous allegations pertaining to those grounds, but nothing further which would justify relief. Therefore, Mitchell has shown no entitlement to relief under Rule 60(b)(4)–(6), even if the Motion were timely.
>
>    . . .
>
>In this case, the Stipulation was reached between two parties represented by counsel, and was memorialized in a clear document of which both sides had notice. Further, as noted above, both parties have taken actions in reliance on the Stipulation. Moreover, although the Trustee in Chameleon's case has access to the case file and is presumably aware of the Stipulation, he has not attempted to challenge it on behalf of Chameleon's estate; if Ms. Mitchell wishes to pursue actions against non-parties to the Stipulation, she must do so in another forum, as she is not a bankruptcy debtor. For these reasons, the Court finds no basis for relief under § 105.[26]

---

[26] Case No. 07-10719 MER, Docket No. 131, pp. 3-5 (citations and footnotes omitted).

On August 30, 2010, Chapter 7 Trustee Joseph Rosania filed Report his Report of No Distribution. Several objections to the Report were filed, including an objection by Mitchell. At the Court's direction, the Trustee filed a Response to the objections on November 3, 2010.[27]

On November 5, 2010, Chameleon, and an entity called the "Chameleon Justice Association," represented by Mr. Kevin O'Shaughnessy, a *Motion to Dismiss Chapter 7 Case for Lack of Subject Matter Jurisdiction*.[28] In February and early March, 2011, Mitchell herself filed several pleadings, including, *inter alia*, a *Motion to Vitiate All Orders of This Court in the Above Entitled Case Due to Orders Being Void and to Dismiss the Within Proceedings Due to Lack of Standing of Petitioners and Lack of Jurisdiction*[29], a *Motion to Request Entry of Order To: Compel Production Documents*[30], and a *Motion to Vacate Order for Relief Entered on February 6, 2008*.[31] On March 28, 2011, this Court entered an Order regarding the Chapter 7 Trustee's Motion to Dismiss filed at Docket No. 65, the Chapter 7 Trustee's Report of No Distribution, the November 5, 2010 Motion to Dismiss, Mitchell's February 11, 2011 Motion to Vitiate, Mitchell's February 24, 2011 Motion to Compel, and Mitchell's March 8, 2011 Motion to Vacate.[32] Again, the Court's discussion in the Order illuminates the matters currently before the Court:

> The underlying argument in Mitchell's motions is the instant case was brought fraudulently, by Petitioning Creditors whose claims are subject to bona fide dispute or are otherwise ineligible to file an involuntary petition. Therefore, according to Mitchell, the case and actions taken in it should be treated as void, and the case dismissed.
>
> First, the Court finds nothing filed by Chameleon, Mitchell, the CJA [Chameleon Justice Association], or the parties objecting to the Trustee's Report has demonstrated those entities have standing to seek the relief they have requested in their various pleadings. The only information available, the Statements and Schedules, indicates the estate is insolvent. In the absence of a showing the estate is solvent and can make distributions to creditors or equity security holders, the Moving Parties cannot assert the interests of creditors, equity holders, or other parties with an interest in the bankruptcy estate, as such interests are entrusted to the Chapter 7 Trustee. These entities were given an opportunity to address standing, and

---

[27] Case No. 07-10719 MER, Docket No. 152.

[28] Case No. 07-10719 MER, Docket No. 153.

[29] Case No. 07-10719 MER, Docket No. 177, filed February 11, 2011.

[30] Case No. 07-10719 MER, Docket No. 179, filed February 24, 2011.

[31] Case No. 07-10719 MER, Docket No. 182, filed March 8, 2011.

[32] Case No. 07-10719 MER, Docket No. 183.

have not filed anything to warrant the Court's changing its conclusion that standing is lacking.

However, even if Chameleon, Mitchell, the CJA, or the parties objecting to the Trustee's Report possessed standing, the CJA Motion to Dismiss, Motion to Vitiate, and Motion to Vacate Order for Relief must be denied. Specifically, as this Court has noted before, these assertions constitute an effort to avoid the effect of the Settlement Agreement entered into by the Petitioning Creditors, Mitchell, and Chameleon, and approved by the Court. On Chameleon's Motion following approval of the Settlement Agreement, the Order for Relief entered. This Court ruled, in its Order of March 31, 2010, that no basis had been set forth to grant relief from the order approving the Settlement Agreement. For the reasons set forth in the March 31, 2010 Order, and incorporated herein, the Court finds once again that no basis has been set forth to grant relief from the order approving the Settlement Agreement, nor, for those same reasons, has any basis been set forth to grant relief from the Order for Relief in this case, or to "vitiate" any other orders entered in this case. Quite simply, nothing under FED. R. CIV. P. 60(b), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024, nor under 11 U.S.C. § 105, justifies disturbing the Order for Relief, the approval of the Settlement Agreement, or any other order entered in this case.

Mitchell makes much of the Court's statement in its Order of March 9, 2010, that "Ms. Mitchell and any equity shareholders may proceed to protect their own interests on their own behalf." Apparently, the pleadings filed represent an attempt to protect their own interests. However, the Court's statement did not mean that any actions they might take would be appropriate in this Court. Claims of fraud, attorney misconduct, etc., may be pursued in another forum. For these additional reasons, the CJA Motion to Dismiss, Motion to Vitiate, and Motion to Vacate Order for Relief will be denied.

. . .

In the Trustee's Motion to Dismiss and later in his Response to the objections to his Report, the Chapter 7 Trustee argues this case should be dismissed or closed because there are no assets to administer and because Mitchell and Chameleon have failed to cooperate in the administration of the case. He points out neither Chameleon nor Mitchell objected to the Trustee Motion to Dismiss. According to the Trustee, he has received no offers to purchase any assets of the estate, and he believes the matter is essentially a two-party dispute between Mitchell and the Petitioning Creditors, best resolved in another forum. Mitchell's Reply to the Trustee's Response to the objections to the Report reiterates her assertion the case should be dismissed, and states the case was filed fraudulently and the Trustee has made inaccurate allegations that she manipulated the system.

If there are no assets to administer in this case, for the benefit of the Petitioning Creditors or any other creditors, this case should be closed as a no-asset case. There

is no question of discharge, because Chameleon is not an individual. In addition, if assets subject to administration are discovered in the future, the Trustee may move to reopen the case for the liquidation and distribution of the proceeds derived from the sale of those assets. If the Petitioning Creditors or others believe assets exist, they should fund or otherwise assist the Trustee to recover them. Accordingly, the Court finds the objections to the Trustee's Report should be overruled, the Report accepted, and, the case should be closed.[33]

The Court therefore denied the Motion to Dismiss filed at Docket No. 153, the Motion to Vitiate filed at Docket No. 177, and the Motion to Vacate filed at Docket No. 182. The Court also denied the Motion to Compel, overruled the objections to the Chapter 7 Trustee's Report of No Distribution, and accepted the Report of No Distribution. Finally, the Court ordered the Chameleon case to be closed.[34] The Court's docket reflects the case was closed on March 29, 2011.

Also on March 29, 2011, Mitchell filed a *Motion to Dismiss–Pre Answer to Involuntary Petition*.[35] Because the case had been closed, the Court issued a Notice of Non-Jurisdiction as to that Motion. On April 6, 2011, Chameleon, represented by Mr. O'Shaughnessy, filed a *Motion to Reopen Case Due to Administrative Errors and for Reconsideration*.[36] On May 5, 2011, the Court issued an Order directing the Debtor's former counsel, Mr. Jeffrey Weinman, to respond to the Motion, which response was subsequently filed on July 12, 2011.[37] In the meantime, Arden Hooper filed a *Motion to Reopen Case Due to Administrative Errors*.[38]

On July 27, 2011, the Court entered an Order denying the April 6, 2011 *Motion to Reopen Case Due to Administrative Errors and for Reconsideration*.[39] That Order stated in pertinent part:

> Pursuant to 11 U.S.C. § 350(b), a Court may reopen a case to accord relief to the debtor, or for other cause. The burden rests on the movant to show cause to reopen a case, which case should not be reopened absent a compelling reason. The bankruptcy court has broad discretion in determining whether to reopen a case. If

---

[33] *Id.*, pp. 4-5 (citations and footnotes omitted).

[34] *Id.*, 5-6.

[35] Case No. 07-10719 MER, Docket No. 185.

[36] Case No. 07-10719 MER, Docket No. 189.

[37] Case No. 07-10719 MER, Docket Nos. 192 and 202. Note that the Response filed at Docket No. 202 was ordered to be filed under seal.

[38] Case No. 07-10719 MER, Docket No. 199, filed June 8, 2011.

[39] Case No. 07-10719 MER, Docket No. 208.

a bankruptcy court cannot afford the moving party any relief in a reopened case, reopening is not appropriate. Factors courts have considered in determining whether to grant motions to reopen include (1) the length of time the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims.

In this case, Movants have not shown reopening the case would benefit the Debtor, the estate, or any creditors. The only information regarding possible assets and liabilities, the Statements and Schedules filed by the Petitioning Creditors, the *Trustee's Report of No Distribution* (August 30, 2010), and the *Trustee's Combined Response to Objections to Request for Discharge and Closing Chapter 7 Liquidation and Request for Hearing,* show the estate is insolvent. No further information was provided by the Movants to show reopening the case would result in the payment of any funds to creditors, or would result in a surplus after payment of creditors which would be available for the Debtor. Moreover, the allegations suggesting the settlement to which Ms. Mitchell agreed was different than that filed with the Court have been rebutted by the information in the Response. With respect to other issues raised by the Debtor in the Motion, the Court finds this Court is not the appropriate forum in which to pursue them.[40]

## THE MOTION FOR RECONSIDERATION

The Motion before the Court seeks reconsideration of the Court's July 27, 2011 Order on the grounds new evidence has become available since the Motion to Reopen addressed in that Order. In summary, the Motion alleges Weinman sent Mitchell a compact disc purporting to contain all e-mail communications between Weinman and both Mitchell and Chameleon. According to the Motion, the compact disc was disorganized and partially reconstructed, and any evidence presented by Weinman as to the Motion to Reopen may therefore be altered or corrupt. In addition, the Motion states Mitchell was unable to access the sealed document filed by Weinman with the Court in response to the Motion to Reopen. Moreover, the Motion asserts the Stipulation filed with the Court in September, 2007 is void because it was not the version agreed to by the parties, but was constructed by Weinman's secretary from several versions of the agreement after the secretary had conferred with Mr. Kutner, counsel for the Petitioning Creditors. Lastly, the Motion contains allegations that the Settlement is void because notice was inadequate and because the creditors who joined in the involuntary petition, Boulder Networks and Russell Tortere, did not sign the Settlement.

---

[40] *Id.*, pp. 1-2 (citations and footnotes omitted).

Page 10 of 13

**DISCUSSION**

With respect to the allegations regarding notice of the Settlement and signing of the Settlement by the joining creditors, the Court finds the notice of the Settlement was sent to the parties to the Settlement and their attorneys, as well as to the joining creditors. If the joining creditors had wished to raise issues with respect to the Settlement, they had an opportunity to do so. With respect to the other creditors on the list of creditors filed on April 6, 2007, the Court finds notice was not required, as an order for relief had not yet entered in the case. In addition, since the closing of the case, there has been no showing reopening the case would result in any possibility of payment to those creditors who, in any event, may pursue remedies outside this Court.[41]

More importantly, although Chameleon's Motion states it seeks alteration or amendment of the Court's July 27, 2011 Order under FED. R. CIV. P. 59(e), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9023, the procedural background set forth above demonstrates the underlying objective of the Motion is to challenge the validity of the Settlement. However, the Settlement constitutes a contract entered into by the Petitioning Creditors, Chameleon, and Mitchell.[42]

Under 28 U.S.C. §§ 1334(b)(1) and 157(a), bankruptcy courts possess "only the jurisdiction and powers expressly or by necessary implication granted by Congress."[43] Pursuant to 28 U.S.C. § 157(a) and (b), a bankruptcy court, following referral by a federal district court, may hear: 1) a bankruptcy case created by the filing of a bankruptcy petition; 2) a civil proceeding "arising under" title 11; 3) a civil proceeding "arising in" a case under title 11; and 4) a civil proceeding "related to" a case under title 11. "[C]ore proceedings are defined as those which arise under title 11 or arise in a case under title 11, they 'are proceedings which have no existence outside of bankruptcy.'"[44] "Actions . . . which could proceed in another court are not core proceedings."[45] A "related to" proceeding, which a bankruptcy court may hear and may

---

[41] For this reason, to the extent it has not already done so, the Court will also deny the *Motion to Reopen Case Due to Administrative Errors* filed by Arden Hooper in Case No. 07-10719 MER at Docket No. 199 on June 8, 2011. In addition the Court notes the only proof of claim filed in the Chameleon case was filed by Johannsen, Sorwick & Associates, Inc., who received notice of the Settlement.

[42] *See Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993) (citations omitted) ("A settlement document is a contract and is construed using ordinary principles of contract interpretation."). *See also, Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997) (same); *Resolution Trust Corp. v. Avon Center Holdings, Inc.*, 832 P.2d 1073, 1075 (Colo. App. 1992) (same).

[43] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1517 (10th Cir. 1990) (citations omitted).

[44] *Lucre Management Group v. Schempp Real Estate, LLC (In re Schempp Real Estate*, LLC), 303 B.R. 866, 873 (Bankr. D. Colo. 2003) (quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)).

[45] *Gardner*, 913 F.2d at 1518.

issue proposed findings, pursuant to 28 U.S.C. § 157(c)(1), is a proceeding in which the outcome could conceivably have any effect on the estate being administered in bankruptcy.[46]

      In this case, the resolution of questions of invalidity of the Settlement based on acts alleged to have been committed by the parties' attorneys, as well as the other issues raised by the Movants, are matters which could be brought in another court and therefore are not core proceedings under 28 U.S.C. § 157(a). Further, such matters do not affect the bankruptcy estate, and are therefore not "related to" matters over which this Court may exercise jurisdiction. The Court approved the Settlement based on the record before it, and cannot now find the Settlement to be invalid based on factual issues which should be raised in a court of general jurisdiction, not a court of limited jurisdiction.[47]

      If and only if a court of general jurisdiction finds the Settlement should be held to be void on any of the grounds alleged by the Movants, this Court might have a basis for reconsidering the February 6, 2008 Orders, and then possibly only to consider whether damages might lie under 11 U.S.C. § 303. As noted in its previous orders, the questions raised in the instant Motion and in the previous, related motions, are for another forum. The Movants cannot use repetitive motions to bring before this Court issues which should be brought before a court of general jurisdiction.

## CONCLUSION

      The date for appealing the February 6, 2008 orders had long since passed when the Motion to Set Aside was filed. The various motions to reopen and the current Motion to Reconsider are really seeking either an appeal of those orders, or are seeking to present new claims based on assertions that the Settlement was the result of improper actions by the petitioning creditors and the parties' attorneys. This Court can make no finding as to such claims. It can merely find, and does so find, that the Settlement was properly approved based on the record before the Court, and that the Movants have set forth no grounds upon which this Court can alter or amend its orders approving the settlement, dismissing the Mitchell case, entering the order for relief in the Chameleon case, or entering its succeeding orders detailed above, including the July 27, 2011 order. Therefore, the Court finds the Motion to Reconsider must be denied, and the above-captioned case will remain closed until such time as a judgment of a court of general jurisdiction may provide a basis for reopening the case.

---

   [46] *Id.*, (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

   [47] Moreover, even were the additional issues raised by the Movants found to be core proceedings, under United States Supreme Court's ruling in Stern v. Marshall, this Court may not address these questions. *Stern v. Marshall*, ___U.S.___, 131 S.Ct. 2594, 2620 (2011) (holding "The Bankruptcy Court ... lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."). The Supreme Court noted litigants must receive a determination from a court of general jurisdiction created under Article III of the Constitution, in "any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty." *Id.*, 131 S.Ct at 2612 (citing *Murray's Lessee v . Hoboken Land & Improvement Co*, 59 U.S. 272, 284 (1856)) (internal quotation marks omitted).

IT IS THEREFORE ORDERED the Motion to Reconsider is DENIED.

IT IS FURTHER ORDERED the Motion to Reopen filed by Arden Hooper at Docket No. 199 is DENIED.

Dated September 2, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge